IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PRECISION FRANCHISING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-858 RDA/IDD |
| | ) |
| T&S HOLDINGS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Precision Franchising, LLC's ("PFL" or "Plaintiff") Motion for Default Judgment and Award of Attorneys' Fees and Costs ("Motion") against Defendants T&S Holdings, Inc ("T&S") and Todd Evans (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b). Dkt. No. 17. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, the supporting documentation thereto, and Plaintiff's Supplemental Brief, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED** as to Counts I and II of the Complaint.

**I. INTRODUCTION**

On June 30, 2023, Plaintiff filed its Complaint against Defendants. Dkt. No. 1. Plaintiff brought three counts for breach of contract relating to the parties' Franchise Agreement ("FA"), seeking (1) Monetary Damages; (2) Declaratory Judgment that Defendants breached the FA; and (3) Injunctive Relief. *Id.*; Pl.'s Mot. for Default J. Plaintiff presently seeks entry of judgment in its favor, declaratory judgment, and monetary damages in the amount of $95,428.85. Pl.'s Mot. for

1

Default J. Plaintiff no longer seeks attorneys' fees in this matter. Dkt. No. 26.

### A. Jurisdiction and Venue

For a court to render a default judgement against a party, it must have (1) subject matter jurisdiction, (2) personal jurisdiction, and (3) be the appropriate venue for the action.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states—Plaintiff is a Virginia LLC with its principal place of business in Leesburg, Virginia; T&S is a Washington corporation with its registered office in Olympia, Washington; and Mr. Evans is a Washington resident—and the amount in controversy exceeds $75,000.00. Compl. ¶¶ 3-6, 32. As of March 3, 2023, T&S was administratively dissolved and is currently inactive. *Id.*

This Court has personal jurisdiction over Defendants pursuant to the FA, which states that the "Franchisee hereby irrevocably submits to the jurisdiction of the state and the federal district courts in the county or judicial district in which the Franchisor's principal place of business is located. Franchisee hereby waives all questions of personal jurisdiction for the purpose of carrying out this provision." Compl. ¶ 7, Ex. A ¶ 26.1. Since PFL, the franchisor, has its principal place of business in this district, this Court's exercise of personal jurisdiction over T&S, the franchisee, is proper in this matter. Compl. ¶ 3, 10. The FA further states that "[f]ranchisee further agrees that exclusive venue for any proceeding relating to or arising out of this Agreement shall be the county or judicial district in which the Franchisor's principal place of business is located." *Id.* ¶ 8, Ex. A ¶ 26.1. Accordingly, venue also is proper in this District.

Additionally, pursuant to the Guaranty Agreement ("GA") between the parties, Mr. Evans agreed to be personally bound to the FA provision concerning personal jurisdiction and venue. Compl. ¶¶ 7-8, Ex. A at 84-85. Accordingly, venue and this Court's exercise of personal

2

jurisdiction as to Mr. Evans are proper.

### B. Service of Process

The Court must be satisfied that the defaulting party has been properly served. Pursuant to Federal Rule of Civil Procedure 4(e)(2)(B) individuals "may be served in a judicial district of the United States by . . . leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." On September 26, 2023, Plaintiff, through a process server, served Todd Evans, as an individual Defendant, by leaving copies of the Summons and Complaint at his dwelling or usual place of abode with his wife, Stephanie Evans. Pl.'s Mem. in Supp. ¶ 18; Dkt. No. 9. Such service is proper because Stephanie Evans resides with Mr. Evans, and she is of suitable age and discretion. Pl.'s Mem. in Supp. ¶ 18; Dkt. No. 9.

Federal Rule of Civil Procedure 4(h)(1)(B) allows a party to serve a corporation, partnership, or association inside the U.S. "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." On September 28, 2023, Plaintiff, through a process server, served T&S by hand-delivering copies of the Summons and Complaint to Mr. Evans as an officer of T&S. Pl.'s Mem. in Supp, ¶ 19; Dkt. No. 10. Therefore, Plaintiff properly served both Defendants.

### C. Grounds for Default

Plaintiff filed its Complaint on June 30, 2023. Dkt. No. 1. Plaintiff properly served Defendants on September 26 and 28, 2023. Dkt. No. 9, 10. Plaintiff filed a Request for Entry of Default against Defendants, with the Clerk of Court, on October 20, 2023. Dkt. No. 11. The Clerk entered default on October 26, 2023. Dkt. No. 10, 11. Plaintiff filed a Motion for Default

3

Judgement on November 22, 2023, and the Court conducted a hearing on the matter on January 5, 2024. Dkt. No. 13. After Defendants failed to respond to the Motion or the Complaint, appear at the hearing, or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its

4

face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III. FACTUAL FINDINGS AND ANALYSIS

#### A. Counts I and II – Breach of Contract

Plaintiff seeks to recover on a breach of contract claim under the Complaint. Plaintiff presently seeks Default Judgment only as to Counts I and II of the Complaint, requesting declaratory judgment and monetary damages. Pl.'s Mot. for Default J. Under Virginia law, to establish an action for a breach of contract, the plaintiff must demonstrate: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of the obligation; and (3) an injury or harm to the plaintiff caused by the defendant's breach." *Va. Elec. & Power Co. v. Bransen Energy, Inc*. 850 F.3d 645, 655 (4th Cir. 2017) (citing to *Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338 (2016)). A plaintiff must prove these damages with reasonable certainty. *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (2009). Contingent, speculative, and uncertain damages are not recoverable. *Id*.

Here, the undersigned finds that Plaintiff has sufficiently established that Defendants breached their contract with Plaintiff. First, the agreements referenced in the Complaint—the FA and the GA—coupled with Defendants' acceptance of its terms, constitute legally enforceable obligations of the parties. Compl. ¶¶ 10-12; *See* Compl. Ex. A. The FA provided that in exchange for Defendants' right to operate a Precision Tune Auto Care ("PTAC") franchise, Defendants would adhere to the terms within the FA, specifically, terms regarding required advertising and promotional expenditures. Compl. ¶¶ 13-22; *See* Compl. Ex. A. The GA provided that Mr. Evans,

5

as an individual, agreed to personally guarantee T&S's obligations under the FA. Comp. ¶ 11, Ex. A at 84-85. Therefore, the undersigned finds legally enforceable obligations between the parties.

Plaintiff alleges that Defendants breached the FA by failing to make the local advertising and promotional expenditures as required by the FA. Compl. ¶¶ 23-25. The FA required Defendants to pay weekly advertising fees equal to 9% of their weekly gross sales, but no less than $360 per week. Compl. ¶ 14, Ex. A ¶ 13.1. Defendants agreed that should PFL or its designee establish a national, regional, or local advertising fund, which covered Defendants' area, Defendants would contribute to each fund as directed by PFL, but not to exceed a total amount equal to 9% of gross sales. Compl. ¶ 15, Ex. A ¶¶ 13.2, 13.2.1-13.2.3. The FA further directed that if at any time, Defendants' total required contribution to any national, regional, or local advertising fund was less than 9% of gross sales, Defendants must allocate the remaining amount for local advertising and promotion. Compl. ¶ 16, Ex. A ¶ 13.2.4. The FA required Defendants to submit to PFL for approval any local advertising, promotional, or marketing plans and samples of such materials which PFL had not previously approved or which PFL did not prepare itself. Compl. ¶ 19, Ex. A ¶ 13.4.3.

When Defendants signed the FA, and at all relevant times thereafter, the PFL had a national advertising fund, and Defendants were required to pay 1.5% of weekly gross sales to the national advertising fund. Compl. ¶ 19, Ex. A ¶ 13.2.1. There was neither a regional nor local advertising fund for the area in which Defendants were located. Compl. ¶ 19. Accordingly, Defendants were required to spend the other 7.5% of weekly advertising expenditures on "local advertising and promotion," which, according to Defendants' financial records, equates to the amount of $178,929.09. *Id.*; Pl.'s Mem. in Supp. at 12; Falconi Decl. ¶¶ 7-9.

Prior to PFL's filing of the Complaint, and as a part of an investigation into the low

6

performance of Defendants' PATC franchise, PFL's Area Director for Defendants' area notified PFL that he had not seen Defendants make any local advertising and promotional expenditures during the last two years. *Id.* ¶ 24; Pl.'s Mem. in Supp. ¶¶ 14-15. Plaintiff represents that an Area Director generally is aware of the local advertising and promotional activities for PFL franchisees within their respective area. Compl. ¶ 25. Further, throughout the relevant time period, Defendant did not submit any local advertising, promotional, or marketing plans or samples to PFL's approval. *Id.* ¶ 26. Because of Defendants' failures to make the required local advertising and promotional expenditures, as required by the FA, the undersigned recommends finding that Defendants breached their obligations under the FA and GA.

Plaintiff "conservatively" estimates, based on T&S's financial records and the above information from the PFL Area Director, that at all times Defendants operated their franchise, Defendants spent no more than 3.5% of gross sale on local advertising and promotion, as opposed to the required 7.5%, a difference in the amount of $95,428.85. Pl.'s Mem. in Supp. at 12; Falconi Decl. ¶¶ 7-11. Plaintiff sustained damages from the loss of the "goodwill and brand awareness" that would have resulted from such expenditures. *See* Pl.'s Mem. in Supp. at 8. Plaintiff, therefore, meets the final element of its breach of contract claim because Plaintiff has sufficiently demonstrated that it suffered injury, and Plaintiff has proved its damages, with reasonable certainty, in the amount of $95,428.85.

Therefore, the undersigned recommends finding that Plaintiff is entitled to monetary damages in the amount of $95,428.85 for its breach of contract claim against Defendants.

## V. <u>RECOMMENDATION</u>

For the reasons set forth above, the undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiff PFL and against Defendants T&S and Todd Evans as to

Counts I and II of the Complaint. The undersigned recommends the following relief: (1) declaratory judgment that Defendants breached the terms of the Franchise Agreement by failing to spend 7.5% of Defendants' weekly gross sales on local advertising and promotion and (2) monetary damages against Defendants, jointly and severally, in the amount of $95,428.85.

### **NOTICE**

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

March 1, 2024
Alexandria, Virginia

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge